POORMAN et al. v. CLEVELAND, C., C. & ST. L. RY. CO. et al.

(District Court, E. D. Illinois.  November 1, 1918.)

No. 1259.

1. REMOVAL OF CAUSES ⬡⟫12—ORIGINAL JURISDICTION—DISTRICT.
    Where one of the plaintiffs was a resident of Illinois and the other a resident of Texas, defendant, though a nonresident of Illinois, in the court of which state action was begun, cannot remove the cause to the federal court for Illinois, as the plaintiffs could not originally have brought the action there.

2. REMOVAL OF CAUSES ⬡⟫107(3)—REMAND—PLEA IN ABATEMENT.
    Where the plea of plaintiffs to the jurisdiction of the federal court, to which an action begun in state court had been removed, showed that the federal court was without jurisdiction, such plea should be treated as a motion to remand, though not so styled.

At Law.  Action by Russell Poorman and Omer Poorman, partners doing business under the name of Poorman Bros., against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company and another, begun in state court and removed to the federal court.  On motion to strike the plea in abatement to the jurisdiction of the federal court.  Motion denied, and cause remanded.

Arthur Poorman, Stewart L. Clark, and Graham & Snavely, all of Marshall, Ill., for plaintiffs.

P. J. Kolb, of Mt. Carmel, Ill., and Schofield & Schofield, of Marshall, Ill., for defendants.

ENGLISH, District Judge.  This is a suit brought by the plaintiffs in the circuit court of Clark county, Ill., against the defendants above named.  The facts, as appear from the pleas and files, are: That the defendant is a railroad corporation organized under the laws of the states of Ohio and Indiana, and engaged in operating a line of railroad through Clark county, Ill.  The plaintiff Russell Poorman is a resident of Clark county, Ill., and Omer Poorman, the other plaintiff, is a citizen and resident of the state of Texas.  That the plaintiffs owned, in partnership, certain property in Clark county, Ill., located along the right of way of the defendant, which property was destroyed by fire, and suit was brought, as above mentioned, for the loss sus-

tained by the plaintiffs occasioned by the fire, and in this suit the railroad company, together with Oscar Macey, one of its engineers, were made defendants, alleging, among other things, that the fire was occasioned through the carelessness, negligence, etc., of the defendants.

The defendant company filed its petition in the circuit court of Clark county, Ill., praying for a removal of the cause from said circuit court to this court, on the ground of diversity of citizenship existing between it and the plaintiffs, alleging, in said petition, that the plaintiffs are, and were at the commencement of the suit, citizens of the state of Illinois, and that the petitioning defendant is a citizen of the states of its incorporation. It is also alleged, in said petition for removal, that a separable controversy existing between it and the plaintiffs could be determined without the presence of its codefendant, Macey, and that Macey had been fraudulently joined with the railroad company for the purpose of preventing the removal of the cause into the federal court. The state court denied the petition for removal, whereupon the defendant railroad company filed a transcript of the record of this court and secured from this court a restraining order against the plaintiffs from further prosecuting their suit in the state court until the further order of this court; and thereafter the plaintiffs filed their verified plea in abatement to the jurisdiction of this court, in which they denied that the plaintiff Omer Poorman is, or was, a resident of the state of Illinois, but that he, the said Omer Poorman, was at the time of the commencement of this suit, and still is, a resident and citizen of the state of Texas, residing within the Southern judicial district of said state, and to this plea of the plaintiffs to the jurisdiction of this court the defendant railroad company has filed its motion to strike said plea in abatement from the files, and on this motion to strike this court is now called upon to pass judgment.

[1] On the defendants' motion to strike the plea in abatement from the files, this court has but one question to consider, namely: Could the plaintiffs, as copartners, have brought this suit originally in this court? In this case one of the plaintiffs is a citizen of Clark county, Ill., where the suit was brought, and the defendant is a citizen of the states of its incorporation, Ohio and Indiana; but one of the plaintiffs is a citizen of the state of Texas, and the suit, so far as he is concerned, was not brought in the state of which he is a citizen, as the statute requires. Neither as plaintiff, nor as defendant, is he a citizen of the district where the suit was brought. The argument in support of the motion to strike is to the effect that it is sufficient if the suit is brought in a state where one of the defendants, or one of the plaintiffs, is a citizen. This would be true, if there were but one plaintiff or one defendant. But the statute makes no provisions, or terms, for the case of two defendants, or two plaintiffs, who are citizens of different states. In the case at bar, there being two plaintiffs, citizens of different states, there does not seem to be, in the language of the statute, any provision that both plaintiffs may unite in one suit, in federal court, in a state of which either of them is a citizen. It therefore follows, in the opinion of this court, that the plaintiffs, as copartners, could not have brought their suit originally against the

defendants in this court, and that this court, for that reason, is without jurisdiction to try the cause. The motion to strike the plea in abatement from the files is overruled, and the plea in abatement sustained.

[2] While the defendants' plea is styled "Plea to the Jurisdiction of the Court," it may be treated as a motion to remand, since, should this court have assumed jurisdiction of this case without knowledge of the facts, as above stated, and should it appear, upon the trial of the case in this court, that one of the plaintiffs was a resident in this jurisdiction, and that the other plaintiff was a resident of the state of Texas, it would then be the duty of this court to terminate the trial and remand the case to the state court.

For the reasons assigned, this cause is remanded to the circuit court of Clark county, Ill.